# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KHANIS-ORION MORNINGSTAR                                                                    PLAINTIFF
ADC #164590

v.                                        4:19-cv-00239-SWW-JJV

JAY BATTLE, *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Plaintiff Khanis-Orion Morningstar, who is also known as Jeramye Hobbs ("Plaintiff"), is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that, while he was in the Pulaski County Regional Detention Facility ("PCRDF"), Defendants former Chief Mike Sylvester, Nurse Kimberly Stowe, and Nurse Mary Bahan, failed to provide him with constitutionally adequate medical care and an appropriate diet for stomach issues that were causing him to vomit and cough up blood.[1] (Doc. No. 4.)

Defendants have filed a Motion for Summary Judgment arguing there is no proof of personal involvement by Defendant Chief Sylvester. (Doc. No. 57.) Additionally, that none of the Defendants were deliberately indifferent to Plaintiff's serious medical needs, that they are entitled to qualified immunity, and that there is no unconstitutional policy implemented by them that

---

[1] All other claims raised in the Amended Complaint were dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A(a), and based on statute of limitations and for failure to serve one defendant. (Docs. No. 14, 33, and 47.)

violated Plaintiff's constitutional rights. (*Id.*) Concluding that there is no basis for official capacity/county liability in this case. (*Id.*) Plaintiff has not responded; this matter is now ripe for a decision. For the reasons set out below, I recommend the Motion for Summary Judgment be GRANTED.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2007). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Id.* (citations omitted). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). "Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment." *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010) (internal quotations omitted).

## III.    FACTS

The facts, viewed in the light most favorable to Plaintiff and taken from his Amended Complaint, are as follows. On February 13, 2015, Plaintiff was arrested and booked into the PCRDF. (Doc. No. 4, at 3-4, 13-14.) During the booking process, Plaintiff reported to Defendant Stowe that he had been coughing up blood. (*Id.*) For the next three months, Plaintiff complained he was vomiting and coughing up blood, and he believed the PCRDF food was making the problem worse. (*Id.*) Despite his repeated grievances and verbal complaints, he did not receive any medical care or a special diet to treat his condition. (*Id.*)

On June 6, 2015, Plaintiff was transferred from the PCRDF to the Arkansas State Hospital where he allegedly broke his finger. (*Id.*) Upon returning to the PCRDF, on an unspecified date, Plaintiff filed numerous grievances regarding his broken finger, but he did not complain of stomach issues or an inappropriate diet.[2] (*Id.* at 4-6, 13-17.)

On November 27, 2015, Plaintiff began filing sick call requests claiming he was coughing up blood, vomiting, and in need of a vegetarian diet. (Doc. No. 4 at 6, 17-21.) On November 29, 2015, Plaintiff began filing numerous grievances seeking a special diet and treatment for his stomach issues.[3] (*Id.* at 6, 43-103.) The last administrative responses were signed on May 10, 2016 (*Id.* at 55, 67, 82). On August 4, 2016, Plaintiff was transferred to the ADC.[4] *See* ADC website, https://apps.ark.org/inmate_info/search.php.

---

[2] Plaintiff's claims regarding his broken finger have been dismissed. (Doc. No. 14.)

[3] Plaintiff attached eighteen grievances to his Amended Complaint. (Doc. No. 4.)

[4] The last date of improper medical care for stomach issues alleged in the Amended Complaint is April 17, 2016. (Doc. No. 4 at 20.) However, according to the attached grievances, Plaintiff continued to claim he was receiving inadequate medical care for stomach problems for several months thereafter. At this time, I will give Plaintiff the benefit of the doubt and presume he is alleging he received inadequate medical care for his stomach problems until he was transferred to the ADC.

On March 29, 2019, Plaintiff signed his Complaint commencing this action and put it in the prison mail. (Doc. No. 2.) It was received by the Clerk and filed in the record on April 10, 2019. (*Id.*)

Plaintiff used the inmate grievance procedure available at PCRDF and asserts these grievances were neglected, he was routinely denied access to the grievance process, and the grievances were ignored and/or not answered within the mandated time period set forth by the Pulaski County Sheriff's Office Branch directives. (Doc. No. 4, at 8.) Plaintiff claims the deliberate indifference to medical needs, unsafe conditions, and denial of medical care violated his rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution. (*Id.*)

Plaintiff additionally alleges that any reasonable and prudent individual would find that extreme indifference was shown in the care afforded to Plaintiff during his incarceration at PCRDF. (*Id.*) Further, PCRDF willfully violated and refused to properly asses, diagnose, and treat Plaintiff's injury for three months. (*Id.*) Due to this refusal to care, PCRDF failed to ensure basic needs were provided during Plaintiff's incarceration. (*Id.*) Plaintiff states that PCRDF's lack of control and supervision of its personnel allowed them to directly ignore, retaliate, and cause physical as well as undefinable psychological and emotional damage to Plaintiff. (*Id.*)

## IV. ANALYSIS

### A. Qualified Immunity

Defendants argue they are entitled to dismissal based on the doctrine of qualified immunity. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis removed).

Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional right to be protected from harm; or (2) that constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236; *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).

According to Plaintiff's Amended Complaint, it appears he was a pretrial detainee during most of the time he was incarcerated at the PCRDF.  Accordingly, his claims are not analyzed under the Eighth Amendment, but instead under the Fourteenth Amendment's Due Process Clause. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).  "This makes little difference as a practical matter, though:  Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."  *Id*. (citing *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)).

To prevail here, Plaintiff allege acts or omissions that reveal "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976). After reviewing the record as a whole and drawing all inferences in favor of the non-moving party, I find no support for Plaintiff's allegations that Defendants were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Rather, more fully discussed *infra*, Defendants responded to each grievance request in a timely manner and each time found nothing medically wrong with Plaintiff. Plaintiff has failed to produce sufficient evidence to create a genuine issue that Defendants withheld medical treatment. Accordingly, Plaintiff has not shown a constitutional violation by Defendants as required under the first prong of *Pearson*. Therefore, I recommend Defendants are entitled to summary judgment on the basis of qualified immunity.

**B. Deliberate Indifference to Plaintiff's Medical Needs**

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). Prison officials are under a constitutional duty to provide medical treatment when a prisoner is in need. *Gamble*, 429 U.S. at 103. "Deliberate indifference" encompasses both that the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 825-26. The official must be (1) aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official must also draw the inference. *Id.* So, the Plaintiff must demonstrate "(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnaham*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

**i. Objectively Serious Medical Need**

For Plaintiff to show that he suffered from an objectively serious medical need he must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). Plaintiff alleges he suffered from food allergies that created a stomach condition causing him to vomit both food and blood. However, Plaintiff has presented no evidence of a diagnosed food allergy or stomach condition which caused the vomiting. Plaintiff alleges that his stomach condition was the result of not being provided a diet free of meat, soy, eggs, and bologna. He requested various diet changes and alleges that the failure to change his diet resulted in him vomiting his meals and was also the cause of blood present in the vomit. Nothing in the record suggests that a diet change was medically necessary or that Plaintiff suffered from a stomach condition.

Additionally, there is no evidence that Plaintiff's stomach condition or food allergies were so obvious that even a layperson would easily recognize the necessity for a doctor's attention. In fact, the record indicates that whenever medical personnel were directed to examine Plaintiff's vomit, they commented "it looks like spit." (Doc. No. 59 Ex. A2, at 64.) It is also worth noting that none of the Defendants possessed the authority to change Plaintiff's diet. And curiously, upon Plaintiff's departure from PCRDF to the Arkansas Department of Corrections, his symptoms seem to disappear. (*Id.* Ex. B, at 8-278.) Plaintiff has not shown he suffers from an objectively serious medical condition.  Therefore, Plaintiff fails the first prong of the deliberate indifference standard.

### ii. Deliberately Disregarded Objectively Serious Medical Need

Even if Plaintiff had met the requirements of the first prong, he clearly fails the second subjective prong. When proving that prison officials actually knew of and deliberately disregarded

8

objectively serious medical needs of a prisoner, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). Deliberate indifference may also be established by "prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

There is no evidence to suggest Defendants deliberately disregarded any serious medical needs of Plaintiff. Plaintiff was examined by PCDRF medical staff on multiple occasions and each time the staff was not able to find anything medically wrong. PCRDF monitored and observed Plaintiff, completed an x-ray of Plaintiff's stomach, ran bloodwork, performed weight checks, and various other exams. (Doc. No. 59 Ex. A3.) None of these diagnostic tests revealed any medical condition, much less a serious medical need. Dr. Johnson eventually prescribed the prescription drug Zantac to Plaintiff, but he refused to take the medication. (*Id.*) Based on Plaintiff's extensive medical record while incarcerated at the PCRDF, I find nothing to suggest Defendants were deliberately indifferent to a serious medical need. Accordingly, I find Plaintiff also second prong of the deliberate indifference standard.

### C. Official Capacity Claims

PCRDF can only be held liable if Plaintiff's constitutional rights were violated as a result of an official policy or unofficial custom. *See A.H. v. St. Louis Cty., Missouri*, 891 F.3d 721, 728 (8th Cir. 2018); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Local governments may not be held vicariously liable for the conduct of officials and employees of the local government. *Monell*

*v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has shown nothing to support an official capacity claim. Accordingly, I recommend Plaintiff's official capacity claim against Defendants be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2) (if a plaintiff is proceeding *in forma pauperis*, the court may dismiss, at any time, for failure to state a claim upon which relief may be granted).

### D. No Personal Involvement by Defendant Chief Sylvester

To state a claim under 42. U.S.C. § 1983, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Further, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Additionally, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Finally, "prison supervisors . . . cannot be held liable under § 1983 on a theory of respondeat superior." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

In his Amended Complaint, Plaintiff says:

> Defendant, Mike Sylvester, was the acting Chief of Pulaski County Regional Detention Facility, second in command to the Sheriff . . . [and] was legally responsible for the operations of the Detention Center where the Plaintiff was confined and also legally responsible for the welfare of all inmates at PCRDF making him too responsible for not holding his subordinates responsible for not following employee and jail policy."

(Doc. No. 4 at 2.)

Plaintiff has clearly named Defendant Sylvester because of his supervisory position within PCRDF and based on a theory of respondeat superior. Plaintiff has put forth no evidence of personal involvement by Defendant Sylvester. As such, he is entitled to summary judgment.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants Bahan, Stowe, and Sylvester's Motion for Summary Judgment (Doc. No. 57) be GRANTED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 15th of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE